**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**BRIANNE PARKER,**

                           **Plaintiff,**                      6:13-cv-3
                                                                          (GLS)

                                 v.

**CAROLYN W. COLVIN,**
Acting Commissioner of Social
Security,

                            **Defendant.**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Office of Peter W. Antonowicz | PETER W. ANTONOWICZ, ESQ. |
| 148 West Dominick Street | |
| Rome, NY 13440 | |
| | |
| **FOR THE DEFENDANT:** | |
| HON. RICHARD S. HARTUNIAN | SIXTINA FERNANDEZ |
| United States Attorney | Special Assistant U.S. Attorney |
| 100 South Clinton Street | |
| Syracuse, NY 13261 | |
| | |
| Steven P. Conte | |
| Regional Chief Counsel | |
| Social Security Administration | |
| Office of General Counsel, Region II | |
| 26 Federal Plaza, Room 3904 | |
| New York, NY 10278 | |

**Gary L. Sharpe
Chief Judge**

## **MEMORANDUM-DECISION AND ORDER**

## I. **Introduction**

Plaintiff Brianne Parker challenges the Commissioner of Social Security's denial of Supplemental Security Income (SSI), seeking judicial review under 42 U.S.C. § 405(g). (Compl., Dkt. No. 1.)[1] After reviewing the administrative record and carefully considering Parker's arguments, the court affirms the Commissioner's decision and dismisses the complaint.

## II. **Background**

On May 22, 2008, Parker filed an application for SSI under the Social Security Act ("the Act"), alleging disability since April 30, 2008. (Tr.[2] at 88, 162-67.) After her application was denied, (*id.* at 89-92), Parker requested a hearing before an Administrative Law Judge (ALJ), which was held on

---

[1] In her complaint, Parker appeals the denial of her "claim for Social Security Disability Benefits." (Compl. ¶ 3.) Contrary to Parker's allegations, she applied for SSI and not for Disability Insurance Benefits (DIB). (*Id.* ¶ 4.) On various occasions Parker's counsel has initiated actions before the court challenging the denial of DIB, using similarly imprecise language. *See, e.g.*, *Rimmer v. Colvin*, No. 6:12-cv-775, 2013 WL 3880138, at *1 n.2 (N.D.N.Y. July 26, 2013); *Comito v. Colvin*, No. 6:12-cv-22, 2013 WL 2444189, at *1 n.2 (N.D.N.Y. June 5, 2013). In the interest of justice, the court will examine Parker's claims on the merits. The court's patience with counsel's inartful pleading practices has grown thin, however, and this generous ruling should not be mistaken for an endorsement or condonation of counsel's careless methods, which could create a jurisdictional defect requiring dismissal. Further, the court appreciates that this action was pending at the time it first warned counsel of his unacceptable practices in *Comito*.

[2] Page references preceded by "Tr." are to the Administrative Transcript. (Dkt. No. 9.)

October 8, 2010, (*id.* at 35-64, 95). On June 28, 2011, a supplemental hearing was held to take the testimony of medical expert Donald Goldman. (*Id.* at 65-85.) On August 19, 2011, the ALJ issued an unfavorable decision denying the requested benefits, which became the Commissioner's final determination upon the Appeals Council's denial of review. (*Id.* at 1-4, 18-34.)

Parker commenced the present action by filing her complaint on January 2, 2013 wherein she sought review of the Commissioner's determination. (Compl.) The Commissioner filed an answer and a certified copy of the administrative transcript. (Dkt. Nos. 8, 9.) Each party, seeking judgment on the pleadings, filed a brief. (Dkt. Nos. 13, 14.)

### III. **Contentions**

Parker contends that the Commissioner's decision is tainted by legal error and is not supported by substantial evidence. (Dkt. No. 13, Attach. 1 at 11-17.) Specifically, Parker claims that the ALJ's errors in weighing the medical opinions of record resulted in a residual functional capacity (RFC) determination that is unsupported by substantial evidence. (*Id.*) The Commissioner counters that the appropriate legal standards were used by the ALJ and his decision is also supported by substantial evidence. (Dkt.

3

No. 14 at 6-11.)

## IV. Facts

The court adopts the parties' undisputed factual recitations. (Dkt. No. 13, Attach. 1 at 3-8; Dkt. No. 14 at 2.)

## V. Standard of Review

The standard for reviewing the Commissioner's final decision under 42 U.S.C. § 405(g)[3] is well established and will not be repeated here. For a full discussion of the standard and the five-step process by which the Commissioner evaluates whether a claimant is disabled under the Act, the court refers the parties to its previous decision in *Christiana v. Comm'r of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y. Mar. 19, 2008).

## VI. Discussion

### A. RFC Determination

According to Parker, the ALJ's RFC determination is unsupported by substantial evidence because "the weight accorded to [the] opinion evidence is flawed." (Dkt. No. 13, Attach. 1 at 17.) Specifically, Parker

---

[3] 42 U.S.C. § 1383(c)(3) renders section 405(g) applicable to judicial review of SSI claims.

argues that the Commissioner gave inappropriate weight to non-examining and non-treating medical sources, and failed to accord "great weight" to the opinions of her treating physicians. (*Id.* at 11-16.) The Commissioner counters, and the court agrees, that the ALJ properly evaluated the medical opinions of record, and his RFC determination is supported by substantial evidence. (Dkt. No. 14 at 6-11.)[4]

A claimant's RFC "is the most [she] can still do despite [her] limitations." 20 C.F.R. § 416.945(a)(1). In assessing a claimant's RFC, an ALJ must consider "all of the relevant medical and other evidence," including a claimant's subjective complaints of pain. *Id.* § 416.945(a)(3). An ALJ's RFC determination must be supported by substantial evidence[5] in the record. *See* 42 U.S.C. § 405(g). If it is, that determination is conclusive and must be affirmed upon judicial review. *See id.*; *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996).

Here, the ALJ determined that Parker retains the RFC to "perform the full range of sedentary work" as defined in the regulations. (Tr. at 24.) The

---

[4] Notably, Parker does not contest the ALJ's assessment of her mental impairments. (*See generally* Dkt. No. 13, Attach. 1.)

[5] "Substantial evidence is defined as more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept to support a conclusion." *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) (internal quotation marks and citations omitted).

ALJ based his determination on the diagnostic test results and clinical exam findings contained in the record before him, as well as the opinions of consultative examiner Kaylani Ganesh and Goldman, a non-examining medical expert. (*Id.* at 25-28.) The ALJ discounted the opinion of treating physician Nathaniel Gould because he failed to provide examination findings in support of his "check-the-box" assessment, and the objective evidence of record does not support his conclusions. (*Id.* at 28, 285-86.) Additionally, the ALJ afforded "little weight" to the opinion of treating physician Paula Vecchio because she failed to provide examination findings in support of her opinion and, further, did not respond to the ALJ's request for clarification of her opinion. (*Id.* at 381-83, 385-89.)

Controlling weight will be given to a treating source's opinion on the nature and severity of a claimant's impairments where it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." 20 C.F.R. § 416.927(c)(2); *see Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004). When a treating source's opinion is given less than controlling weight, the ALJ is required to consider the following factors: the length, nature and extent of the treatment relationship; the frequency of examination;

6

evidentiary support offered; consistency with the record as a whole; and specialization of the examiner. 20 C.F.R. § 416.927(c)(2)-(6). The ALJ must provide "good reasons for the weight given to the treating source's opinion." *Petrie v. Astrue*, 412 F. App'x 401, 407 (2d Cir. 2011) (internal quotation marks and citations omitted). "Nevertheless, where the evidence of record permits [the court] to glean the rationale of an ALJ's decision," it is not necessary that the ALJ "have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability." *Id*. (internal quotation marks and citation omitted).

Parker contends that the ALJ gave "little weight" to the opinions of both of her treating sources for "very specious reasons." (Dkt. No. 13, Attach. 1 at 12.) The court disagrees. The ALJ properly declined to give controlling weight to the opinions of Drs. Gould and Vecchio because they were not supported by clinical findings and laboratory techniques and were inconsistent with other substantial evidence in the record. (Tr. at 28); *see* 20 C.F.R. § 416.927(c)(2)-(4). Specifically, Dr. Gould consistently found Parker to be in no acute distress, with a normal gait, but reduced lumbar spine range of motion, and, at times, tenderness in her lumbar spine. (Tr.

7

at 291-93, 300-02, 307-08, 371-73, 392-94.) Dr. Gould reviewed Parker's January 2010 lumbar spine x-ray, which revealed "normal alignment and position of the vertebral bodies," as well as "intervertebral disc spaces and vertebral body heights" that were "within normal limits." (*Id.* at 287.) Dr. Gould also assessed Parker's February 2007 MRI, which revealed "mild diffuse annular disc bulging" at L4-5 and "a fairly small" broad-based central disk protrusion. (*Id.* at 292, 369.) In June 2008, Dr. Gould found that Parker could flex so that her fingers touched the floor, and he opined that, while she was totally temporarily disabled from working as a bartender, she was only "mild[ly] to moderate[ly] partial[ly]" disabled "overall." (*Id.* at 292.) In May 2010, Dr. Gould noted that a steroid injection had helped reduce Parker's pain, and she now reported that her baseline pain was mild, although her pain increased with activity. (*Id.* at 307.) Further, in records submitted to the Appeals Council after the ALJ's decision was rendered, Dr. Gould noted that Parker complained of intermittent "5/10" low back pain, and that a TENS unit and lumbar roll provided some pain relief. (*Id.* at 392); *see Perez*, 77 F.3d at 46 ("When the Appeals Council denies review after considering new evidence, [the court] simply review[s] the entire administrative record, which includes the

8

new evidence, and determine[s], as in every case, whether there is substantial evidence to support the decision of the Secretary.") As, the ALJ noted, Dr. Gould's treatment records contain no clinical findings or diagnostic evidence to support his restrictive opinion as to Parker's ability to sit,[6] and, instead, support the determination that she can perform sedentary work. (Tr. at 28, 357-66.)

Dr. Ganesh examined Parker in June 2008 and found her to be in no acute distress, with a normal gait, and the ability to squat in full. (*Id.* at 253.) Parker suffered a reduced range of motion of her lumbar spine, and straight leg raising was negative when sitting, but positive at fifteen degrees lying down. (*Id.* at 254.) Parker had 5/5 strength in her upper and lower extremities, no motor or sensory deficits, and no muscle atrophy. (*Id.*) Dr. Ganesh opined that Parker suffered only "mild to moderate" limitations to lifting, carrying, pushing, and pulling. (*Id.*) Subsequently, Dr. Goldman reviewed the entirety of the medical record and completed two

---

[6] In particular, Dr. Gould opined that Parker can sit for less than four hours a day. (Tr. at 285-86.) Dr. Gould further opined that Parker can lift and carry twenty pounds occasionally and five pounds frequently, stand and/or walk for less than four hours a day, occasionally perform postural activities, and occasionally reach in all directions. (*Id.* at 286.) The full range of sedentary work requires the ability to remain in a seated position for approximately six hours in an eight-hour work day and involves lifting no more than ten pounds at a time. *See* SSR 96-9p, 61 Fed. Reg. 34,478, 34,480 (July 2, 1996).

9

medical source statements with respect to Parker's functional abilities. (*Id.* at 335-43, 357-66.) According to Dr. Goldman, Parker can stand and/or walk for four hours, and sit for six hours of an eight-hour day. (*Id.* at 335, 358.) Dr. Goldman further opined that Parker can occasionally climb stairs and ramps, crawl, and withstand frequent exposure to unprotected heights, moving mechanical parts, and operating a motor vehicle. (*Id.* at 339, 361.) In his first medical source statement, Dr. Goldman opined that Parker can occasionally lift and carry up to thirty pounds, but, in his second assessment, he indicated that Parker can occasionally lift and carry up to fifty pounds. (*Id.* at 335, 357.)[7]

In addition to the limited findings on examination by Drs. Gould and Ganesh, the ALJ's determination that Parker can perform sedentary work is supported by the exam findings of treating physician Rudolph Buckley. (*Id.* at 24, 294-96.) Dr. Buckley noted in May 2007 that Parker took no

---

[7] Parker argues that the ALJ erred in relying on Dr. Goldman's opinion because he "acknowledg[ed] the importance of a physical examination" in evaluating a person's abilities. (Dkt. No. 13, Attach. 1 at 16; Tr. at 77.) However, Dr. Goldman also testified that he disagrees with the opinions of Parker's treating physicians because, other than Parker's subjective complaints, the examination notes of record are devoid of clinical findings suggesting impairments of the severity these physicians describe. (Tr. at 80-82.) Importantly, "an ALJ is entitled to rely upon the opinions of both examining and non-examining State agency medical consultants, since such consultants are deemed to be qualified experts in the field of social security disability." *Baszto v. Astrue*, 700 F. Supp. 2d 242, 249 (N.D.N.Y. 2010).

pain medication for her complaints of back and leg pain, was in no acute distress, and had a normal gait, symmetric deep tendon reflexes, intact sensation, and no atrophy or weakness in her lower extremities, although she did exhibit decreased range of motion in her lumbar spine due to pain. (*Id.* at 294-96.) In January 2008, Dr. Buckley performed a follow-up examination of Parker and noted no abnormal findings on his physical examination. (*Id.* at 289-90.) In November 2009, physician assistant Brian Berry examined Parker for complaints of back and leg pain, and noted that she was in no acute distress, with no tenderness, and good active forward and backward movement in her lumbar spine. (*Id.* at 282-83.) Parker had a "[n]ormal flowing tandem gait," negative bilateral straight leg raise and "FABER" tests, and could heel-and-toe walk without difficulty. (*Id.* at 283.) Further, her motor strength was 5/5 bilaterally, and she had equal reflexes and intact sensation. (*Id.*)

Turning to the opinion of Dr. Vecchio, again the court agrees with the ALJ that her opinion is not supported by the clinical signs and laboratory findings of record. (Tr. at 28.) In June 2011, Dr. Vecchio opined that Parker can lift and carry ten pounds frequently, stand and/or walk for three hours or less, and sit for two hours or less in a workday. (*Id.* at 381-82.)

11

According to Dr. Vecchio, Parker can never perform any postural activities, and must lay down intermittently throughout the day. (*Id.* at 381.) Dr. Vecchio also opined that Parker's pain causes her to be off-task between twenty-five percent and fifty percent fo the day, and would cause her to miss work more than four days per month. (*Id.* at 383.)[8] In addition to being inconsistent with the limited objective medical findings of record, Dr. Vecchio's opinion is inconsistent with that of Drs. Gould, Ganesh, and Goldman. (*Id.* at 254, 285-86, 335-43, 357-66.)

In sum, the weight afforded to the various opinions by the ALJ, for reasons which are fully articulated in his written decision, is supported by substantial evidence. (*Id* at 24-28.) The ALJ also undertook a thorough discussion of the medical and testimonial evidence of record, which indicates that Parker can perform sedentary work. (*Id.*) As such, the court affirms the ALJ's RFC determination. *Perez*, 77 F.3d at 46.

B. <u>**Remaining Findings and Conclusions**</u>

After careful review of the record, the court affirms the remainder of

---

[8] After the ALJ rendered his decision, Parker submitted a second medical source statement from Dr. Vecchio to the Appeals Council. (Tr. at 408-09.) Dr. Vecchio's April 2012 medical source statement indicated less severe limitations than those contained in the June 2011 assessment with respect to Parker's postural abilities, but limited Parker to lifting less than five pounds as "advised by Dr. Gould," and restricted her to standing and/or walking two hours or less of the work day. (*Id.* at 408.)

12

the ALJ's decision as it is supported by substantial evidence.

## VII. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and Parker's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

March 5, 2014
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
Chief Judge
U.S. District Court